# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

GREGORY G. GANT,                )
        Plaintiff,              )   Case No. 2:14-cv-01640-JCM-CWH
                                  )
vs.                             )   **ORDER**
                                  )
NEVADA DISABILITY ADVOCACY      )
AND LAW CENTER,                 )
        Defendant.              )

    Plaintiff is an incarcerated individual in the custody of the Nevada Department of Corrections and housed at High Desert State Prison. On October 6, 2014, he submitted to the Court what appeared to be a civil rights complaint, but he did not pay the filing fee or submit an application to proceed *in forma pauperis* ("IFP"). Consequently, the Court ordered Plaintiff to complete an application to proceed or pay the filing fee. Plaintiff's initiating documents were retained. Plaintiff did not comply with the Court's order, so the undersigned recommended that this case be dismissed without prejudice. The recommendation was adopted. The Ninth Circuit vacated the decision and remanded the case, finding that Plaintiff's claim that he had been declared legally incompetent in state court was sufficient to require the Court to consider Plaintiff's request for a guardian ad litem under Fed. R. Civ. P. 17(c)(2) on its merits.

    Following remand, Plaintiff filed a motion requesting that the assigned judges in this matter recuse themselves based on the fact that the case was remanded. (Dkt. #15). He also filed a motion requesting that the Court order his place of confinement to keep lights turned on his cell. (Dkt. #19). Neither motion is supported by any points or authorities and, therefore, both will be denied. *See* Local Rule 7-2(d) ("The failure of a moving party file points and authorities in support of the motion shall constitute consent to the denial of the motion.").

    In its order on remand, the Ninth Circuit "summarily" vacated the order of dismissal with

instruction that this Court consider Plaintiff's request for a guardian ad litem, which is premised on his claim that he has been adjudicated incompetent by a state court. The Court will consider whether appointment of a guardian ad litem or counsel is appropriate under Fed. R. Civ. P. 17(c)(2), but before scheduling a hearing will require Plaintiff to adequately identify or provide a copy of the order declaring him incompetent. The requested information must be provided within thirty (30) days of this order. Upon receipt of the requested information, the Court will schedule a hearing to address the claim of incompetence.

Based on the foregoing and good cause appearing,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for a Change of Judge (#15) is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Have Lights Turned On (#19) is **denied without prejudice**.

**IT IS FURTHER ORDERED** that within **thirty (30) days** from the date of this order, Plaintiff shall identify with specificity and/or provide a copy of the order declaring him incompetent.

DATED: June 8, 2015.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**