UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

GREGORY G. GRANT,

    Plaintiff,

vs.

NEVADA DISABILITY ADVOCACY
AND LAW CENTER,

    Defendant.

Case No.  2:14-cv-01640-JCM-CWH

**ORDER**

        Presently before the Court is Plaintiff Gregory G. Grant's Emergency Motion to Feed (Doc. #22), filed on June 26, 2015.  Also before the Court is Plaintiff Grant's Emergency Motion to Protect Plaintiff (Doc. #24), filed on July 20, 2015.  In his Emergency Motion to Feed, Plaintiff Grant states that he is receiving inadequate nutrition, and requests that the Court order the Nevada Department of Corrections to provide Plaintiff Grant with adequate nutrition.  In his Emergency Motion to Protect, Plaintiff Grant argues that although he is mentally ill, he was transferred to a maximum security facility where there is no treatment for the mentally ill.  According to Plaintiff Grant, the Nevada Department of Corrections transferred him in retaliation for his filing of complaints and engaging in other protected activity.  Plaintiff Grant requests that he be transferred to High Desert State Prison.

        This proceeding was initiated with Plaintiff Grant's filing of a request for a guardian ad litem.[1]  (Initiating Documents (Doc. #1).)  Plaintiff Grant has not filed a complaint.  Under Federal Rule of Civil Procedure 3, "[a] civil action is commenced by filing a complaint with the court."  Absent a complaint, the Court lacks jurisdiction to act on Plaintiff Grant's motions, including

---

[1]  Per the United States Court of Appeals for the Ninth Circuit's Order (Doc. #14), the Court is in the process of attempting to secure a pro bono attorney to represent Plaintiff Grant at a hearing to determine whether Plaintiff Grant is competent.

directing the Nevada Department of Corrections, which is not a defendant in this proceeding, to take any action with respect to Plaintiff Grant. *See In re Market Basket, Inc.*, 122 F. Supp. 321, 322 (D.C. Mo. 1954) (stating that until an action is commenced by filing a complaint with the court, the court "has no jurisdiction to act"). The Court therefore will deny Plaintiff Grant's motions without prejudice for Plaintiff Grant to renew the motions once the Court has made a determination regarding Plaintiff Grant's competency and a complaint has been filed in this case. To the extent Plaintiff Grant believes he has claims related to the conditions of his confinement against the Nevada Department of Corrections or any other defendants that require immediate attention, Plaintiff Grant should exhaust his administrative remedies with the Department of Corrections and/or commence a separate case by filing a civil rights complaint under 42 U.S.C. § 1983.

IT IS THEREFORE ORDERED that Plaintiff Gregory G. Grant's Emergency Motion to Feed (Doc. #22) is DENIED without prejudice.

IT IS FURTHER ORDERED that Plaintiff Gregory G. Grant's Emergency Motion to Protect Plaintiff (Doc. #24) is DENIED without prejudice.

IT IS FURTHER ORDERED that the Clerk of Court shall send to Plaintiff Gregory G. Grant the approved form for filing a 42 U.S.C. § 1983 complaint and instructions for the same.

IT IS FURTHER ORDERED that the Clerk of Court shall send to Plaintiff Grant G. Grant the approved form application to proceed *in forma pauperis* by a prisoner and instructions for the same.

DATED: August 19, 2015.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**