**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| GREGORY G. GRANT, | ) |
| Plaintiff, | ) Case No. 2:14-cv-01640-JCM-CWH |
| vs. | ) **ORDER** |
| NEVADA DISABILITY ADVOCACY AND LAW CENTER, | ) |
| Defendant. | ) |

On April 13, 2015, the United States Court of Appeals for the Ninth Circuit entered an Order vacating this Court's order of dismissal and judgment and remanding the case for this Court to consider Plaintiff Gregory P. Grant's request for a guardian ad litem on the merits. (Order (ECF No. 14).) Given Plaintiff Grant's representations that he is incompetent, illiterate, and indigent, as well as his inability to provide the Court with the requested documentation regarding his competence, the Court appointed a *pro bono* attorney to represent Grant for the purpose of the competency hearing. (Order (ECF No. 25); Order Appointing Counsel (ECF No. 27).) The Court commends attorney Rebekah L. Rini for agreeing to take on this representation.

Under Federal Rule of Civil Procedure 17(c)(2), the Court will hold a hearing on the issue of Plaintiff Grant's competence to prosecute this action on Thursday, October 20, 2015, at 9:00 a.m. in Room #3054, Lloyd D. George United States Courthouse, 333 Las Vegas Boulevard South, Las Vegas, Nevada. Plaintiff Grant, who is a prisoner in the custody of the Nevada Department of Corrections,[1] must participate in the hearing through video conferencing. *See Hernandez v.*

---

[1] Although the Court's docket states that Plaintiff Grant is incarcerated at Ely State Prison, it is the Court's understanding that Plaintiff Grant is incarcerated at Northern Nevada Correctional Center. The Court will order Plaintiff Grant's attorney to file a notice with the Court containing Plaintiff Grant's updated contact information.

1  *Whiting*, 881 F.2d 768, 770 (9th Cir 1989) (stating that "imprisonment suspends the plaintiff's usual right to be personally present at judicial proceedings brought by himself or on his behalf"); *see also* 42 U.S.C. § 1997e(f)(1) (requiring, to the extent practicable, that a prisoner's participation be secured through telecommunications technology instead of through extraction from the prison). The Court will make the necessary arrangements with the Nevada Department of Corrections for Plaintiff Grant to appear by video conference.

## I. DISCUSSION

Rule 17(c)(2) requires the Court to "appoint a guardian ad litem – or issue another appropriate order – to protect a minor or incompetent person who is unrepresented in an action." "The preferred procedure when a substantial question exists regarding the mental competence of a party proceeding pro se is for the district court to conduct a hearing to determine whether or not the party is competent, so that a representative may be appointed, if needed." *Krain v. Smallwood*, 880 F.2d 1119, 1121 (9th Cir. 1989). Although the Ninth Circuit has not specified what constitutes a "substantial question," the Ninth Circuit has found "sufficient evidence of incompetence at least to require the district court to make a competency determination" where

> [t]he motion included [plaintiff's] own sworn declaration and a sworn declaration of another inmate [that] explain that [plaintiff] is mentally ill and does not understand the district court's orders. [Plaintiff] also attached a letter from the prison psychiatrist whose care he is under . . . . This letter states that [plaintiff] is diagnosed with Chronic Undifferentiated Schizophrenia and is taking two psychotropic medications.

*Allen v. Calderon*, 408 F.3d 1150, 1151-52 (9th Cir. 2005). Requiring documentary evidence from a physician is consistent with *United States v. 30.64 Acres of Land*, 795 F.2d 796, 805 (9th Cir. 1986), in which the Ninth Circuit held that the district court abused its discretion in failing to appoint a guardian ad litem to represent a plaintiff because "the court was clearly on notice that [plaintiff] claimed to be incompetent and his claim was made credible by official documentation."

Plaintiff Grant has failed to provide documentation of his previous findings of incompetency in state court or any other official documentation indicating he is mentally ill, such as psychiatric reports or diagnoses, which would trigger the Court's obligation to determine Plaintiff Grant's competency under Rule 17(c). Further, Plaintiff Grant's previous filings in this

case have been literate and comprehensible and do not contain fanciful or delusional assertions. However, given Plaintiff Grant's repeated representations that he incompetent, illiterate, and unable to obtain the documentation the Court previously requested, to protect Plaintiff Grant's interests, the Court will proceed with the competency hearing.  The Court further will order Plaintiff Grant's attorney to file with the Court documentary evidence, if any exists, indicating there is a substantial question regarding Plaintiff Grant's competence to prosecute his case *pro se*.

## II.   CONCLUSION

IT IS ORDERED that a video conference hearing regarding Plaintiff Gregory G. Grant's claim of incompetency is set for Tuesday, October 20, 2015, at 9:00 a.m. in Room #3054, Lloyd D. George United States Courthouse, 333 Las Vegas Boulevard South, Las Vegas, Nevada.  Plaintiff Grant must participate in the hearing through video conferencing.

IT IS FURTHER ORDERED that the Nevada Department of Corrections must make Plaintiff Gregory G. Grant available at the Northern Nevada Correctional Center for the video conference hearing on Tuesday, October 20, 2015, at 9:00 a.m.

IT IS FURTHER ORDERED that Plaintiff Grant's attorney must file any documentary evidence raising a substantial question regarding Plaintiff Grant's competence no later than the close of business on Tuesday, October 13, 2015.

IT IS FURTHER ORDERED that Plaintiff Grant's attorney must file a notice with the Court containing Plaintiff Grant's updated contact information.

DATED: September 10, 2015.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**