UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GREGORY G. GRANT,<br><br>                    Plaintiff(s),<br><br>          v.<br><br>NEVADA DISABILITY ADVOCACY AND LAW CENTER,<br><br>                    Defendant(s). | Case No. 2:14-CV-1640 JCM (CWH)<br><br>ORDER |

Presently before the court is plaintiff Gregory Grant's letter to the district court regarding Magistrate Judge Hoffman's order denying plaintiff's "motion for change of judge," which this court will construe as a motion to reconsider. (Doc. #21). Defendant filed both the motion for change of judge as well as the motion to reconsider while acting *pro se* but has since been appointed counsel. (Doc. #27). Defendant Nevada Disability Advocacy and Law Center did not file a response.

Plaintiff is in the custody of the Nevada Department of Corrections and housed at High Desert State Prison. On October 6, 2014, he submitted what appeared to be a civil rights complaint, but he neither paid the filing fee nor submitted an application to proceed *in forma pauperis*. Consequently, the court ordered plaintiff to complete an application to proceed or pay the filing fee. (Doc. #2). Plaintiff's initiating documents were retained. Plaintiff did not comply with this court's order, so the case was dismissed without prejudice. (Doc. #9).

The Ninth Circuit vacated the decision and remanded the case, finding that plaintiff's claim that he had been declared legally incompetent in state court was sufficient to require the court to consider plaintiff's request for a guardian ad litem under Fed. R. Civ. P. 17(c)(2) on its merits.

**James C. Mahan**
**U.S. District Judge**

Following remand, plaintiff filed a motion requesting that the assigned judges in this matter recuse themselves based on the fact that the case was remanded. (Doc. #15). He also filed a motion requesting that the court order his place of confinement to keep lights turned on in his cell. (Doc. #19). Neither motion was supported by any points or authorities, and, therefore, both were denied by Magistrate Judge Hoffman. (Doc. #20); *See* Local Rule 7-2(d) ("The failure of a moving party file points and authorities in support of the motion shall constitute consent to the denial of the motion.").

A motion for reconsideration "should not be granted, absent highly unusual circumstances." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); Fed. R. Civ. P. 60(b). Rule 59(e) "permits a district court to reconsider and amend a previous order;" however "the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal quotations omitted).

While a motion for reconsideration allows a party to bring a material oversight to the court's attention, it is not appropriate for a party to request reconsideration merely to force the court to "think about [an] issue again in the hope that [it] will come out the other way the second time." *Teller v. Dogge*, 2013 WL 508326, at *6 n.6 (D. Nev. 2013); *see also Palmer v. Champion Mortgage*, 465 F.3d 24, 30 (1st Cir. 2006).

Once again, plaintiff fails to provide any points or authorities to warrant the court's reconsideration of Magistrate Judge Hoffman's order denying plaintiff's motion to recuse. From what the court can discern, plaintiff's motion argues that the court is generally violating the Federal Rules of Civil Procedure by not agreeing with plaintiff but provides no justification for his position. The motion fails to meet the standard for a motion to reconsider.

As to whether Judge Mahan should recuse himself, pursuant to 28 U.S.C. § 455, the presiding judge determines whether his recusal is warranted. *United States v. Azhocar*, 581 F.2d

James C. Mahan
U.S. District Judge

- 2 -

1  735, 867–68 (9th Cir. 1978).  Section 455(a) is broad, requiring recusal "in any proceeding in
2  which [a judge's] impartiality might reasonably be questioned."  28 U.S.C. § 455(a); *Liljeberg v.*
3  *Health Serv. Acquisition Corp.*, 486 U.S. 847, 860 n.8 (1988).

4  However, for section 455 recusal to be warranted, the source of any alleged bias must
5  generally be extrajudicial.  *Liteky v. United States*, 510 U.S. 540, 551 (1994).  Judicial bias or
6  prejudice formed during current or prior proceedings is insufficient for recusal unless the judge's
7  actions "display a deep-seated favoritism or antagonism that would make fair judgment
8  impossible."  *Id.* at 555.  Thus, judicial rulings will support a motion for recusal only "in the rarest
9  of circumstances." *Liteky*, 510 U.S. at 555.

10  Plaintiff's only allegation of impropriety by Judge Mahan is the initial dismissal of this
11  action without prejudice. Judge Mahan dismissed the action because plaintiff failed a) to file a
12  complaint and an application to proceed *in forma pauperis* or b) to pay the full filing fee in
13  compliance with the court's order (doc. #2) and to meet the requirements of 28 U.S.C. § 1915(a)(2)
14  and Local Rule LSR 1-2. Plaintiff has not identified any action of Judge Mahan that suggests
15  judicial bias or prejudice.  Therefore, recusal under 28 U.S.C. § 455(a) is not necessary in this
16  case.

17  Accordingly,

18  IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff's motion to
19  reconsider (doc. #21), be, and the same hereby is, DENIED.

20  DATED February 5, 2016.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**